UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Coach, Inc.; Coach Services, Inc., | ) ) ) | CV 12-05713 RSWL (SSx) |
| Plaintiffs, | ) ) | **ORDER Re: PLAINTIFFS' MOTION FOR DEFAULT** |
| vs. | ) ) | **JUDGMENT** [24] |
| Sexy Fashion; Blanca Montes, | ) ) ) ) | |
| Defendants. | ) ) | |

On May 24, 2013, Plaintiffs Coach, Inc. and Coach Services, Inc. (collectively "Plaintiffs") filed the present Motion for Default Judgment [24]. The Court, having considered all papers submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS:**

Plaintiffs' Motion for Default Judgment is **GRANTED**.

### I. INTRODUCTION

Plaintiffs bring the present Motion for Default Judgment against Defendants Sexy Fashion and Blanca Montes (collectively "Defendants") [24]. Plaintiffs

1

are in the business of manufacturing, marketing, and selling fine leather and mixed material products including handbags, apparel, and accessories. Second Amend. Compl. ("SAC") ¶ 9. Plaintiffs are the worldwide owners of the trademark "COACH" and various composite trademarks and assorted design components (collectively "Coach Marks"). Id. at ¶ 10. Coach Marks include a "CC" mark designed in what is generally known as the "CC Design." Id. at ¶ 11. Many of Plaintiffs' products exhibit composites of the CC mark in an assortment of different sizes, patterns, and colors. Id. Plaintiffs also own the copyright registration of an "Op Art Design." Id. at ¶ 14.

Plaintiffs allege that in April 2012, they discovered that Defendants were selling handbags with counterfeit reproductions of the Coach Marks, CC Design, and Op Art Design on them. Mot. 7:15-17; SAC ¶ 19. Plaintiffs instigated the present Action against Defendants on March 7, 2013, alleging various trademark and copyright infringements [18]. On March 28, 2013, Plaintiffs served Defendants with the Summons and Second Amended Complaint ("SAC") [19, 20], but to date, Defendants have not appeared in this Action. Accordingly, Plaintiffs filed the instant Motion for Default Judgment against all Defendants on May 24, 2013 [24].

## II. DISCUSSION

As a matter of initial concern, the Court finds

2

that it has proper subject matter and personal jurisdiction in this case. Pursuant to 28 U.S.C. §§ 1331 and 1367, the Court has subject matter jurisdiction because this Action was brought, in part, under the Lanham Trademark Act of 1946 (the "Lanham Act"). The Court also has personal jurisdiction over Defendants because Defendant Sexy Fashion is a corporation organized and existing under the laws of the state of California, and Defendant Montes allegedly conducts business within California. SAC at ¶ 2

With regard to the present Motion, Plaintiffs have met the procedural requirements of Local Rule 55-1 for default judgment. Specifically, the Court Clerk entered default against Defendants as to the SAC on April 22, 2013 [22]. Defendants are not minors, incompetent, in the military, or otherwise exempted under the Servicemembers Civil Relief Act. Marchand Decl. ¶ 5. Lastly, Plaintiffs served Defendants notice of this Motion on May 24, 2013. Id. at ¶ 6.

Furthermore, the Court finds that the seven substantive factors set forth in Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986), weigh in favor of granting default judgment. As to the first factor, Plaintiffs will likely be prejudiced if the Court denies the instant Motion because Plaintiffs will have no other recourse for obtaining damages or injunctive relief. See Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005). The second and third

1  <u>Eitel</u> factors concerning the merits of Plaintiffs' case
2  and the sufficiency of their Complaint also favor
3  granting default judgment.  Plaintiffs sufficiently
4  allege facts in the SAC to support a claim for federal
5  trademark infringement under the Lanham Act, which
6  alone provides a basis for awarding the relief
7  Plaintiffs request.
8       However, the fourth factor, which balances the
9  amount of money at stake in the claim with the
10 seriousness of the Defendants' conduct, weighs against
11 awarding default judgment.  Plaintiffs seek $100,000 in
12 statutory damages, which outweighs the egregiousness of
13 Defendants' conduct.  Moreover, federal courts have
14 found that much lesser amounts are sufficient to deter
15 trademark infringers in similar situations.  <u>See, e.g.</u>,
16 <u>Coach, Inc. v. Am. Fashion Gift</u>, No. CV 12-07649-MWF
17 (Rzx), 2013 WL 950938, at *2 (C.D. Cal. Mar. 12, 2013).
18      With regard to the fifth factor, there is nothing
19 to suggest the possibility of a dispute over material
20 facts here because Defendants have not filed a
21 responsive pleading to the SAC.  Additionally, where a
22 plaintiff has filed a well-pled complaint, the
23 possibility of a dispute over material facts is remote.
24 <u>Landstar Ranger, Inc. v. Parth Enters., Inc.</u>, 725 F.
25 Supp. 2d 916, 921-22 (C.D. Cal. 2010).  Moreover, there
26 is no evidence that Defendants' failure to respond was
27 the result of excusable neglect.  Thus, the sixth
28 factor also weighs in favor of granting default

judgment.

Finally, as to the seventh factor, although federal policy favors decisions on the merits, Federal Rule of Civil Procedure 55(b) permits the entry of default judgment in situations, such as this, where the defendant has refused to litigate.  In addition, a defendant's failure to answer a complaint "makes a decision on the merits impractical, if not impossible." Elektra, 226 F.R.D. at 393; Pepsico, Inc. v. Cal. Security Cans., 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Based on these considerations, the Court finds that default judgment against Defendants is warranted and **GRANTS** Plaintiffs' request for such.

As to damages, Plaintiffs claim that they are entitled to $100,000 in statutory damages.  Pursuant to the Lanham Act, a plaintiff may recover statutory damages "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."  15 U.S.C. § 1117(c)(1).  Additionally, where a defendant's conduct is willful, a court may grant enhanced statutory damages for "not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."  15 U.S.C. § 1117(c)(2).  Willfulness requires a connection between the defendant's awareness of its competitors and the

defendant's actions at those competitors' expense. See Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc., 658 F.3d 936, 944 (9th Cir. 2011); Lindy Pen Co., Inc. v. Bic Pen Corp., 982 F.2d 1400, 1406 (9th Cir. 1993).

In recent cases that Plaintiffs have filed in other districts, federal courts have found that per infringement awards of much lesser value than what Plaintiffs seek here were sufficient to deter trademark infringers. See Coach, Inc. v. Diana Fashion, No. 11-2315 SC, 2011 WL 6182332, at *4-5 (N.D. Cal. Dec. 13, 2011); Coach, Inc. v. Zhou Hui Yin, No. CV 11-3010 EDL, 2011 WL 7268428, at *5 (N.D. Cal. Dec. 9, 2011); Coach, Inc. v. Bags & Accessories, CIV.A. No. 10-2555 (JBS-JS), 2011 WL 1882403, at *6-7 (D.N.J. May 17, 2011); Coach, Inc. v. Cosmetic House, CIV. 10-2794 (WHW), 2011 WL 1211390, at *7 (D.N.J. Mar. 29, 2011); Coach, Inc. v. Ocean Point Gifts, CIV.A. No. 09-4215 (JBS), 2010 WL 2521444, at *7 (D.N.J. June 14, 2010).

Although Defendants' willful infringement may be implied by their default, eAdGear, Inc. v. Liu, No. CV-11-05398 JCS, 2012 WL 2367805, at *19 (N.D. Cal. June 21, 2012), the Court finds that Plaintiffs' request for $100,000 in statutory damages is unreasonable in light of the evidence before the Court. Plaintiffs have provided only two images of Defendants' allegedly infringing products, which appear to depict one product bearing two different counterfeit Coach Marks. In

light of this evidence and the fact that Defendants sold the handbags at issue out of a storefront property, the Court finds that $20,000 per counterfeit mark, per type of infringing good is a reasonable award, for a total of $40,000 in statutory damages for Defendants' trademark infringement.

Plaintiffs also request the costs of this Action under 15 U.S.C. § 1117(a). The Court awards Plaintiffs costs as provided by Local Rule 54-3 and permits Plaintiffs to submit their Bill of Costs to the Court within fourteen days from the entry of default judgment.

Lastly, Plaintiffs ask the Court to issue a permanent injunction to enjoin and permanently restrain Defendants from using the Coach Marks at issue here in connection with the sale and offer for sale of products infringing on Plaintiffs' trademarks. The Court finds that Plaintiffs have established the four criteria for a permanent injunction: (1) irreparable injury to Plaintiffs, (2) inadequate legal remedy, (3) a balance of hardships weighing in favor of granting the injunction, and (4) no disservice to public interest if the injunction is issued. eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006). Therefore, the Court grants Plaintiffs' request for a permanent injunction.

## IV. CONCLUSION

Based on the aforementioned, the Court **GRANTS** Plaintiffs' Motion for Default Judgment and awards

1  Plaintiffs $40,000 in statutory damages.  Additionally,
2  the Court **GRANTS** Plaintiffs' requests for costs and a
3  permanent injunction.

5  **IT IS SO ORDERED.**
6  Dated: June 25, 2013.

                              RONALD S.W. LEW
                              _____
                              **HONORABLE RONALD S. W. LEW**
                              U.S. District Court Judge